United States District Court
Southern District of Texas
**ENTERED**
November 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Zulayka Martinez, individually and as next friend of Y.A. and S.A., | § § § § | |
| *Plaintiffs,* | § § | Case No. 4:22-cv-01066 |
| v. | § § | |
| Sarah Nicole Hodges, | § § | |
| *Defendant.* | § § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

In this personal injury dispute, Zulayka Martinez, on her own behalf and on behalf of minors Y.A. and S.A. (collectively, "Plaintiffs") filed a motion to remand the suit to Texas state court, Dkt. 5, which Defendant Sarah Nicole Hodges has opposed, Dkt. 7. After considering the motion, the response, the record, and the applicable law, it is recommended that Plaintiffs' motion to remand be granted.

## <u>Background</u>

This case concerns an alleged car crash on October 21, 2019. Ms. Hodges allegedly failed to yield while turning left and collided with Ms. Martinez's vehicle, injuring Ms. Martinez and two minors. *See* Dkt. 1-4 at 4. Plaintiffs filed suit on October 5, 2021, in Texas state court. Dkt. 1-4 at 3-6.

After filing their original petition, Plaintiffs struggled to serve process on Ms. Hodges for several months.  On multiple occasions, process servers went to Ms. Hodges's home of record and failed to find her there.  *See, e.g.*, Dkt. 1-4 at 61-65 (detailing the various attempts to effect service).  These process servers found indications that she Ms. Hodges was married to a member of the military and had moved to Alaska.  *See id.* at 51, 64, 99.

Finally, on March 10, 2022, Plaintiffs effectuated service on Ms. Hodges by serving her at the address listed on her Texas driver's license.  *Compare* Dkt. 1-4 at 36 (listing Defendant's address in Houston, Texas), *with id.* at 117 (process server listing same address as location of service).  Ms. Hodges subsequently removed the case to this Court.  Dkt. 1.

## **Legal Standard**

A defendant can remove, to federal court, an action that was filed in state court if the action could originally have been filed in federal court.  28 U.S.C. § 1441(a).  Federal courts, in turn, are authorized to hear cases that either (1) involve questions of federal law, 28 U.S.C. § 1331, or (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States," *id.* § 1332(a)(1).

The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."  *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).  "The jurisdictional facts that support

removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).   The party invoking federal jurisdiction bears the burden to prove that jurisdiction exists and that removal was proper.   *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## Analysis

Plaintiffs assert that this suit should be remanded because Ms. Hodges cannot show complete diversity of the parties.   Specifically, Plaintiffs assert Ms. Hodges and Ms. Martinez are Texas citizens, thereby foreclosing jurisdiction under 28 U.S.C. § 1332 and making removal improper under 28 U.S.C. § 1441(a).   *See* Dkt. 5 at 2-4.   Ms. Hodges, however, argues that she moved to Alaska with her husband and should be deemed an Alaskan citizen for the purposes of diversity jurisdiction.   *See* Dkt. 7 ¶¶ 5-7.   Based on the record, the Court agrees with Plaintiffs that complete diversity is lacking.

Under 28 U.S.C. § 1332(a), "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).   Because Ms. Hodges removed this case, she bears the burden to show that this requirement of complete diversity was met at two junctures: (1) when the suit was filed in state court; and (2) when the notice of removal was filed.   *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

A natural person like Ms. Hodges is a citizen of the state where she is domiciled. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* "A person acquires a 'domicile of origin' at birth, and this domicile is presumed to continue absent sufficient evidence of change." *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).

At best, the documents cited by Ms. Hodges suggest that she resides in Alaska. Those documents consist of affidavits from process servers and a photo depicting Ms. Hodges and her husband—who serves in the U.S. military—standing in front of a "Welcome to Alaska" sign. *See* Dkt. 1-4 at 51, 64, 99 (process servers detailing their unsuccessful attempts to serve Ms. Hodges in Texas and receipt of information indicating that she was in Alaska with her husband), 111 (photo).

Under longstanding law, however, "[a] party's residence in a state alone does not establish domicile." *Preston*, 485 F.3d at 798. Rather, Ms. Hodges must further show that she intended to make Alaska her "fixed and permanent residence" both when this suit was filed and when she removed it to this court. *See Stine*, 213 F.2d at 448.

The evidence strongly indicates that Ms. Hodges was domiciled in Texas during the relevant period. Ms. Hodges has a Texas driver's license and Texas

4

address.  Dkt. 5-2 at 3 (2019 accident report); Dkt. 1-4 at 36 (Oct. 22, 2021 background report).  A background report indicates that her social security number was issued in Texas, and that her most recent addresses were in Texas.  Dkt. 1-4 at 112; Dkt. 5-3 at 2-3.  Ms. Hodges was also served with the underlying suit at the Texas address listed on her driver's license.  Dkt. 1-4 at 117; Dkt. 5-4; Dkt. 7 ¶ 5.  All this objective evidence indicates that Ms. Hodges resided permanently in Texas.  *See, e.g.*, *Acridge*, 334 F.3d at 448 (listing objective factors, including where an individual "has driver's and other licenses" and "maintains a home for [her] family").

Given the objective proof of her Texas domicile, Ms. Hodges had to rebut the presumption that her domicile remained unchanged.  *See Preston*, 485 F.3d at 797-98.  Yet Ms. Hodges offers no evidence suggesting that she had abandoned her Texas domicile by establishing a new residence in Alaska *with the requisite intent to remain there permanently*.  The mere fact that Ms. Hodges moved to Alaska or was photographed in front of a sign stating "Welcome to Alaska" is insufficient.

In short, Ms. Hodges has not met her burden to prove that she is a citizen of a different state as Plaintiffs.  Because there is no complete diversity between the parties, this case should be remanded.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Plaintiffs' motion to remand (Dkt. 5) and further **REMAND** this suit to state court.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on November 18, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge